UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID DIAMOND, JR.                                          CIVIL ACTION

VERSUS                                                      NO. 23-5042

SHELTON SERVICES, INC.                                     SECTION M (2)


## ORDER

Before the Court is a motion to dismiss filed by plaintiff David Diamond, Jr.[1]  Diamond asks the Court to dismiss a trade-secrets counterclaim purportedly brought by defendant Shelton Services, Inc. ("Shelton") because Shelton has failed to adequately plead sufficient facts to warrant such a claim.[2]  In opposition, Shelton denies asserting any trade-secrets claim and states that it has only asserted a breach-of-contract claim.[3]  In reply, Diamond acknowledges Shelton's position that no trade-secrets claim is asserted but nonetheless insists that his motion should be granted "to make clear that no 'trade secret' or 'other confidential information' claims are being maintained."[4]  In doing so, Diamond seeks to have this Court confine Shelton's counterclaim to "only pursuing one claim (a breach of the Paragraph 12 of the Agreement),"[5] when Shelton has plainly asserted its breach-of-contract claim under both sections 11 *and* 12 of the employment agreement.[6]

---

[1] R. Doc. 16.  The Court treats Diamond's motion to dismiss, though made under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as a motion for judgment on the pleadings under Rule 12(c), since it was filed after Diamond answered the counterclaim.  *See* R. Doc. 9.

[2] R. Doc. 16-1 at 7-11.

[3] R. Doc. 18 at 3-5.

[4] R. Doc. 21 at 2-4.

[5] *Id.* at 4.

[6] R. Doc. 6 at 19-20.  To plead a breach of a confidentiality provision, a plaintiff need not specify what confidential information is at issue when that information is easily deduced in discovery.  *Traffic Jam Events, LLC v. Lilley*, 2021 WL 1226409, at *5 (E.D. La. Apr. 1, 2021); *Bowman v. R. L. Young, Inc.*, 2022 WL 2967427, at *4 (E.D. La. July 27, 2022).  Allegations that Diamond "is using Shelton Services' Confidential Information to compete with Shelton Services in violation of Section 11 of the Agreement," and "is using Shelton Services' Confidential information to compete with the company and convert business from its customers," satisfy the minimal pleading standard, without requiring that the Court read the allegations as a trade-secrets claim.  R. Doc. 6 at 15, 20; *see Traffic*

Accordingly, recognizing that Shelton has effectively stipulated that it is not pursuing a trade-secrets claim, and with the understanding that the Court will not permit Shelton to pursue any such claim,

IT IS ORDERED that Diamond's motion (R. Doc. 16) is DENIED.

New Orleans, Louisiana, this 8th day of February, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

*Jam Events*, 2021 WL 1226409, at *5; *Bowman*, 2022 WL 2967427, at *4.  Thus, to the extent Diamond seeks to dismiss Shelton's claim for breach of the confidentiality provisions for inadequately pleading such a claim, the Court still denies the motion.