UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID DIAMOND, JR.     CIVIL ACTION

VERSUS     NO. 23-5042

SHELTON SERVICES, INC.     SECTION M (2)

**ORDER**

    Before the Court is plaintiff David Diamond Jr.'s motion for limited reconsideration of this Court's January 26, 2024 Order & Reasons denying his motion for summary judgment.[1] Defendant Shelton Services, Inc. ("Shelton") opposes the motion,[2] and Diamond replies in further support of his motion.[3] In the motion, Diamond argues that the Court erred by stating in the Order that the "parties agree that Shelton performed tank cleaning in six of the listed parishes and counties *when Diamond's employment terminated*," because the parties dispute Shelton's geographical presence at the time Diamond was terminated.[4] In opposition, Shelton argues that the locations in which Shelton performed services at the time Diamond was terminated are irrelevant because Diamond admitted in his answer to Shelton's counterclaim that "[o]ver the five-year period in which Diamond was employed by Shelton Services, he and the company conducted business in a number of parishes and counties named in the Agreement, including St. Charles Parish, Jefferson Parish, Iberville Parish, Harris County, Jefferson County, and Orange County,"[5]

---

[1] R. Doc. 20 (citing R. Doc. 17).
[2] R. Doc. 23.
[3] R. Doc. 24.
[4] R. Doc. 20 at 1 (emphasis added by Diamond in quoting R. Doc. 17 at 20).
[5] R. Doc. 23 at 3-5 (citing R. Docs. 6 at 18; 9 at 4).

and that Diamond fails to prove that he is entitled to relief under Rule 59(e) of the Federal Rules of Civil Procedure.[6]  Considering the parties' memoranda, the record, and the applicable law,

IT IS ORDERED that plaintiff's motion for reconsideration (R. Doc. 20) is GRANTED for the limited purpose of amending the first paragraph of page 20 of this Court's January 26, 2024 Order & Reasons (R. Doc. 17) to read as follows:

> Because the restrictive covenant in Diamond's employment agreement complies with the statute by listing specific parishes and counties in which Diamond is prohibited from competing, and because the parties agree that Shelton performed tank cleaning in six of the listed parishes and counties *at some point during the five-year period in which Diamond was employed by Shelton*, the covenant is not invalid or unenforceable once reformed to include only those six territories.[7]

All other parts of the Order & Reasons shall remain unaffected.[8]

New Orleans, Louisiana, this 7th day of March, 2024.

                                                          BARRY W. ASHE
                                                          UNITED STATES DISTRICT JUDGE

---

[6] *Id.* at 5-7.

[7] The italicized verbiage is only intended to show the amended language and not to reflect emphasis.

[8] In the Order & Reasons, the Court did not grant summary judgment in favor of Shelton; no such request was made.  Instead, the amended language is but a part of the Court's rationale for denying Diamond's motion for summary judgment.